## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CASEY ELECTRIC, LLC,       :
                                  :

         Plaintiff,         :
                                  :

         v.                :       Case No. 3:09-cv-00469 (PCD)
                                  :

CONSTRUCTION MANAGEMENT  :
SERVICES, INC. and SELECTIVE  :
INSURANCE COMPANY OF AMERICA, :
                                  :

         Defendants.        :

### RULING ON DEFENDANT'S SECOND MOTION TO DISMISS

Plaintiff Casey Electric, LLC ("Casey"), an electrical subcontractor for Defendant Construction Management Services, Inc. ("CMS"), filed suit against CMS and its surety Selective Insurance Company of America ("Selective") for failing to pay Casey the balance allegedly owed on a project. Casey initially asserted a breach of contract claim against CMS and three claims against Selective: breach of third party beneficiary rights, breach of the covenant of good faith and fair dealing, and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), CONN. GEN. STAT. §42-110b. On April 22, 2009, Selective moved to dismiss the breach of third party beneficiary rights claim for lack of subject matter jurisdiction, which was granted on June 18, 2009. On June 24, 2009, Selective moved to dismiss the two remaining claims asserted against it. For the reasons that follow, Selective's Motion to Dismiss [Doc. No. 23] is **denied**.

## I.      Statement of Facts

The relevant facts are asserted in the Second Amended Complaint ("Complaint"), which

was filed on August 5, 2009.  CMS entered into a contract with the City of Bridgeport to construct a new arena, and hired Casey to perform certain electrical work for the project. Subcontract #2005-05, the contract between Casey and CMS, provided that Casey would perform the electrical work in exchange for $265,000 in payment by CMS.  (Compl. ¶¶ 7, 9.)  Selective issued a payment bond in the amount of $3,000,0000, which named CMS as contractor and the City of Bridgeport as owner.  (Id. ¶ 8.)  The issuance of the bond "was intended by both Selective and CMS to create a direct obligation upon Selective to pay the Plaintiff in the event CMS did not."  (Id. ¶ 14.)  Upon completion of its work on the project, Casey contacted CMS several times to request payment of $71,638.12, the balance for the work performed, which CMS did not pay.  (Id. ¶ 10, 12.)  Within 180 days of the completion of its work, Casey filed a notice of claim with Selective for payment of the balance due on its subcontract with CMS.  (Id. ¶ 12.)  Selective never paid Casey's claim nor rejected the claim by registered or certified mail within 90 days of the notice of claim, as is required by CONN. GEN. STAT. § 49-42(a).  (Id. ¶ 13.)

Casey sued CMS for breach of contract and Selective for breach of the payment bond as its third party beneficiary, breach of the covenant of good faith and fair dealing, and violation of CUTPA.  Selective first moved to dismiss the third party beneficiary claim, arguing that CONN. GEN. STAT. § 49-42 is the exclusive mechanism for enforcing payment against Selective pursuant to the bond.  CONN. GEN. STAT. § 49-42, which is the statutory provision governing a public work subcontractor's enforcement of payment against the contractor's surety, has a one-year statute of limitations.  Presumably because the statute of limitations had run, Casey argued that it could recover the balance allegedly owed it as the third party beneficiary of the payment bond issued by Selective to CMS, which is subject to the three-year statute of limitations for breach of

contract claims.  In granting the motion to dismiss, the Court held that "Section 49-42 is clearly the enforcement provision of a right to payment on a statutory payment bond issued under Section 49-41." [Doc. No. 22 ]

In its two remaining claims against Selective, Casey asserts that Selective's failure to respond to its notice of claim constitutes a breach of the covenant of good faith and fair dealing and a violation of CUTPA.  Selective has moved to dismiss both claims for failing to state cognizable causes of action pursuant to FED. R. CIV. P. 12(b)(6).

## II.    Standard of Review

The function of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted is "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 776 (2d Cir. 1984) (internal citation and quotations omitted).  Courts should not grant a Rule 12(b)(6) motion to dismiss merely because recovery seems unlikely or remote, as "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996) (internal citations and quotations omitted).

In deciding a defendant's motion to dismiss for failure to state a claim, the Court accepts as true the material facts alleged in the complaints, draws all reasonable inferences in the plaintiff's favor, Feiner v. S & C Technologies, 11 F. Supp. 2d 204, 206-207 (D. Conn. 1998), and decides the motion on the complaint alone, excluding additional evidence, affidavits, exhibits and factual allegations contained in legal briefs or memoranda.  Friedl v. City of New York, 210 F.3d 79, 83-84 (2d Cir. 2000).  A complaint should be dismissed for failure to state a

claim only if it fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## III.   Discussion

*(A) Breach of Covenant of Good Faith and Fair Dealing*

Selective makes two arguments in support of its motion to dismiss the claim for breach of the covenant of good faith and fair dealing.  First, Selective argues that Casey has failed to allege the existence of a contract between it and Selective, which is a necessary component of a breach of covenant claim.  See, e.g., Martin v. Dupont Flooring System, Inc., No. Civ.A. 301CV2189 (SRU), 2004 WL 726903, at *6 (D. Conn. Mar. 31, 2004) ("In order to make out a claim of breach of an implied covenant of good faith and fair dealing, a plaintiff must prove the existence of a contract between plaintiff and defendant.").

Casey argues that it can assert a breach of covenant cause of action as a third party beneficiary of the payment bond issued by Selective to CMS.  Connecticut courts have held that third party beneficiaries can sue a contracting party for breach of the covenant of good faith and fair dealing.  See, e.g., 701 Main Street, LLC v. RLS Design Build, LLC, No. FBTCV0785016969S, 2008 WL 5220689, at *2 (Conn. Sup. Ct. Nov. 20, 2008) ("So long as a plaintiff has adequately alleged third party beneficiary status under the . . . contract . . . [the] breach of implied covenant of good faith and fair dealing . . . [claim is] legally sufficient.") (internal citations and quotations omitted); Blakeslee Arpaia Chapman, Inc. v. United States Fidelity & Guaranty Co., No. 520348, 1994 WL 76383, at *11 (Conn. Super. Mar. 4, 1994) (same).

Thus, the question is whether the Complaint adequately alleges that Casey is a third party

beneficiary to the payment bond.  Selective argues that, in granting Selective's motion to dismiss the third party beneficiary claim, the Court "already ruled that Plaintiff is not a third party beneficiary of the payment bond issued by Selective because the payment bond arose pursuant to § 49-42 of the Connecticut General Statutes, not by contract."  (Def.'s Reply Mem. at 2.) However, the Court's holding that Casey could not enforce payment of the bond as its third party beneficiary because a specific statutory provision governed payments by sureties is distinct from the question of whether Casey is a third party beneficiary for purposes of enforcing a covenant of good faith and fair dealing.  In fact, in <u>Blakeslee Arpaia Chapman, Inc.</u>, 1994 WL 76383, the Connecticut Superior Court held that a subcontractor who sued a surety pursuant to CONN. GEN. STAT. § 49-42 to enforce a payment bond could also maintain a claim for breach of the covenant of good faith and fair dealing against the surety because, pursuant to the terms of the bond, the subcontractor was its third party beneficiary.  <u>Id.</u> at *11.

Here, although it does not appear that Casey was explicitly named as a third party beneficiary to the payment bond, the purpose of the payment bond was to provide insurance for all subcontractors on the City of Bridgeport project.  Thus, it is reasonable to infer that the contracting parties intended Casey to be a third party beneficiary of the payment bond.  <u>See Dow and Condon, Inc. v. Brookfield Development Corp.</u>, 833 A.2d 908, 914 (Conn. 2003) ("[T]he ultimate test to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] . . .") (internal citations and quotations omitted).  Since Casey has adequately alleged that it is a third party beneficiary of the performance bond, the Court finds that Casey has also alleged the existence of a contractual duty

owed it by Selective.

Selective's second argument is that Section 49-42 preempts any contract-based claims Casey may have against it.  See Def.'s Reply Mem. at 2 ("Since the payment bond Selective issued arose by statute, Casey's rights and remedies (which are now time barred) arose by statute, not by contract . . .").  However, in Blakeslee Arpaia Chapman, Inc., 1994 WL 76383, the Connecticut Superior Court held that CONN. GEN. STAT. § 49-42 is not the exclusive remedy for all claims a public works subcontractor may have against the surety.  In that case, the subcontractor sued the surety for violations of CONN. GEN. STAT. § 49-42, CUTPA and Connecticut's Unfair Insurance Practices Act ("CUIPA") and for breach of the covenant of good faith and fair dealing.  In rejecting the surety's argument that the CUTPA, CUIPA, and breach of covenant claims were preempted by CONN. GEN. STAT. § 49-42, the court noted that Section 49-42 did not contain an exclusivity provision, that violations of Section 49-42, CUTPA and CUIPA had been alleged in a single complaint in several other cases, and that federal courts had determined that the federal analogue to Section 49-42 was not an exclusive remedy.  Id. at *5-*6.

Moreover, Selective previously noted that Section 49-42 is *not* Casey's sole recourse for recovery against Selective, so Selective is estopped from making the contrary argument now.  In its reply memorandum in support of its motion to dismiss the third party beneficiary claim, Selective stated:

> Contrary to Plaintiff's contention, Selective does not contend that § 49-42 is Plaintiff's sole recourse for recovery.  Indeed, Plaintiff may (and has) sue [sic] the general contractor for breach of contract and quantum meruit and Selective for breach of the covenant of good faith and fair dealing and CUTPA-- both tort claims.  The law is clear on that issue.  However, the law is also very clear

that § 49-42 is a payment bond claimant's exclusive remedy against a surety
on a statutory payment bond.

(Reply Mem. at 2.)  As Selective stated in its reply, although Section 49-42 is the exclusive

means for recovering the balance of Casey's contract with CMS from Selective, Section 49-42

does not preclude Casey from pursuing damages from Selective for breach of the covenant of

good faith and fair dealing.  Therefore, Selective's motion to dismiss the claim for breach of the

covenant of good faith and fair dealing is denied.

*(B) Violation of CUTPA*

Casey alleges that Selective's failure to respond to its notice of claim within 90 days, as

required by Section 49-42, is a violation of CUTPA.  Selective counters that the Complaint

contains nothing more than "bald legal conclusions" in support of the CUTPA claim.  (Def's

Mem. at 5.)

CUTPA prohibits "unfair methods of competition and unfair or deceptive acts or

practices in the conduct of any trade or commerce."  CONN. GEN. STAT. § 42-110b(a).  In

considering whether a practice violates CUTPA, Connecticut courts have adopted the criteria set

forth in the Federal Trade Commission's "cigarette rule":

> (1) [W]hether the practice, without necessarily having been previously considered
> unlawful, offends public policy as it has been established by statutes, the common
> law, or otherwise-in other words, it is within at least the penumbra of some common
> law, statutory, or other established concept of unfairness; (2) whether it is immoral,
> unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to
> consumers, [competitors or other businesspersons] . . .

Hartford Electric Supply Co. v. Allen-Bradley Co., 736 A.2d 842-43 (Conn. 1999).  "All

three criteria do not need to be satisfied to support a finding of unfairness. A practice may be

unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Id. at 843.

Connecticut courts have held that a surety's failure to comply with the notice provisions of Section 49-42 can give rise to a CUTPA claim. In Premier Roofing Co. v. Insurance Co. of North Amer., No. 31 24 38, 1995 WL 107186 (Conn. Super. Mar. 3, 1995), the subcontractor brought suit against the surety for violations of CONN. GEN. STAT. § 49-42 and CUTPA after the surety refused to pay the amount allegedly owed pursuant to the bond. In denying the surety's motion to strike the CUTPA claim, the court held that the allegations that the surety violated Section 49-42 and failed to act in good faith in handling the subcontractor's demand on the bond were sufficient to state a CUTPA claim. Id. at *5. See also Blakeslee Arpaia Chapman, Inc., 1994 WL 76383, at *10 (denying motion to strike CUTPA claim based on surety's alleged violation of Section 49-42's notice provision because "CUTPA is a remedial statute and must be construed liberally in an effort to effectuate its public policy goals"); United States ex rel. Polied Environmental Services, Inc. v. Incor Group, Inc., 238 F.Supp.2d 456, 462-63 (D. Conn. 2002) (denying motion to dismiss CUTPA claim brought against surety because subcontractor alleged violation of Section 49-42, which is not an exclusive remedy). Because Casey alleges that Selective did not (and still has not) responded to its notice of claim pursuant to Section 49-42, the Complaint adequately alleges a CUTPA cause of action. Therefore, Selective's motion to dismiss the CUTPA claim is denied.

## IV.    Conclusion

For the reasons stated herein, Selective's motion to dismiss the claims of breach of the covenant of good faith and fair dealing and violation of CUTPA [Doc. No. 23 ] is **denied.**

SO ORDERED.

Dated at New Haven, Connecticut, this  17th  day of November, 2009.

/s/
_____
Peter C. Dorsey, U.S. District Judge
United States District Court
